RHODE ISLAND BAR ASSOCIATION *et al. vs.*
DANIEL R. LIBUTTI.

NOVEMBER 18, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This cause is before us on complainants' appeal from a final decree of the superior court denying and dismissing the bill of complaint. The complainants, Edward L. Godfrey, John G. Coffey, Francis R. Foley, Edwin H. Hastings, and Ralph P. Semonoff, in their capacities as members of the Rhode Island Bar Association Committee on Illegal Practice of the Law, and individually as members of the bar in good standing, brought this bill to enjoin the respondent from certain practices alleged to constitute illegal practice of the law and to be in violation of the statute, general laws 1938, chapter 612, §43.

The bill of complaint alleges that on March 15, 1950 and for a long time prior thereto respondent was engaged in this state in the business of preparing income tax returns for members of the public and that he threatens to continue such practice; that he advertised the making of such income

tax returns by means of a sign outside his office which contained the words "Income Tax Counselor"; and that the types of income tax returns so prepared included not only those in which all the income is subject to withholding, but also returns in which the income is not subject to withholding and others in which it is obtained from rental of real estate and from other sources.

The bill further alleges that respondent charged and collected a fee for the preparation of each income tax return; that for a consideration he has given advice to other persons pertaining to law questions and threatens to continue to do so; that he is not a member of the Rhode Island bar; and that by virtue of the provisions of G. L. 1938, chap. 612, §45, complainants are entitled to the relief sought.

The complainants pray that respondent may be permanently restrained and enjoined from practicing law within this state and also from preparing, or advising in the preparation of, income tax returns for any person or persons other than those whose income is entirely subject to withholding, is less than $5,000, and who use the standard deduction; and they further pray that respondent may be permanently restrained and enjoined from advertising, by sign or otherwise, his participation in such alleged illegal practices.

The respondent's answer in substance merely denied the doing of certain acts alleged by the complainants to constitute the illegal practice of the law. He did not specifically deny that he had done certain acts that violated the provisions of chapter 612, *supra*. At the hearing in the superior court no evidence was presented by complainants to prove that respondent was or had been engaged in the illegal practice of law, except insofar as his participation in preparing income tax returns and advising with reference thereto might be so considered. On the other hand, respondent denied that he ever had a sign outside his office reading "Income Tax Counselor." However, he testified that at various times he had used signs reading "Income Tax

Accountant," "Accountant" and "Income Tax"; that he was an insurance broker and also an accountant; that he had studied accounting in college but was neither a certified public accountant nor a member of the American Institute of Accountants; and that he had been engaged in the business of preparing income tax returns for about ten years, principally during the months of January, February and part of March. He admitted that he aided in the preparation not only of the so-called short form 1040, but also the long form 1040 and the partnership form 1065 used in federal income tax returns.

The complainants first contend that in this state the preparation of income tax returns for others in the manner set forth in evidence is governed by the provisions of G. L. 1938, chap. 612, §43, and that by virtue thereof the preparation of such returns by the respondent constitutes a violation of the provisions of said chapter. However, complainants do not seek to restrain respondent from making out the short form of tax return in cases where the taxpayer's income is entirely subject to withholding, is less than $5,000, and where the standard form of deduction is used. They contend secondly that the preparation and making out of all other forms of federal income tax returns constitute the practice of law and that respondent's own evidence shows that he is guilty of the illegal practice thereof.

In the circumstances of record we agree with the first of complainants' above contentions. General laws 1938, chap. 612, §43, clause H, paragraph (7), enumerates the group of persons who are entitled to prepare for or on behalf of another person any federal, state, or municipal return or report of any nature or description, or advise another person in relation to the preparation of any such return or report. On respondent's own admission he is not included in that enumerated group. Section 43, clause I, provides punishment for all violations under that section, and §45 gives jurisdiction to the superior court, upon a bill of com-

plaint or petition in equity brought by the attorney general or by any member of the bar of this state whose authority as such member to practice law is in full force and effect, to enforce the provisions thereof. A review of the pleadings and evidence makes it apparent that the trial justice either overlooked that part of the bill of complaint which charged the respondent with a violation of the pertinent provisions of said chap. 612, §43, or that he failed to consider complainants' argument thereunder.

We have carefully examined the transcript and in our opinion, based upon respondent's own testimony and admissions, the prayer of the bill should have been granted on the ground that respondent was guilty of a violation of said statute as first contended by complainants. In view of this conclusion, we need not consider or decide the second contention of complainants as above indicated.

The complainants' appeal is sustained, the decree appealed from is reversed, and on November 30, 1953 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Ralph P. Semonoff, Sayles Gorham,* for complainants.

*A. Anthony Susi,* for respondent.